IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Northwestern Ohio Administrators, Inc., | Case No. 3:10 CV 180 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Charles F. Mann Painting Co., et al., | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss of Defendants Richard Mann and Charles Mann (Doc. No. 8). The matter has been fully briefed (Doc. Nos. 13-14).

This case was brought by Northwestern Ohio Administrators against corporate Defendant Charles Mann Painting ("Mann") for failure to make contributions pursuant to the Collective Bargaining Agreement under the Employee Retirement Income Security Act (ERISA). In Count III of the Complaint, Plaintiff alleges that the individual Defendants, officers of Mann, are liable as fiduciaries under ERISA.

Defendants' Motion to Dismiss is based on Federal Civil Rule 12(b)(6) for failure to state a claim. Defendants argue that the Complaint fails to allege (nor can Plaintiff show) that the individual Defendants exercised discretionary authority concerning the failure to make contributions to the Fund. Plaintiff argues it is entitled to have the opportunity to prove such facts.

Plaintiff in the instant case claims it is trying neither to pierce the corporate veil nor to attach personal liability where corporate liability clearly exists. Rather, Plaintiff directly argues that the

owner of a corporation can be held liable as a fiduciary for delinquent ERISA fringe benefit contributions. Plaintiff concedes the Sixth Circuit has not ruled on this issue, and this Court finds instructive the case of *Trustees v. Bjorkedal*, 516 F.3d 719 (8th Cir. 2008). In that case, a corporate officer was pursued for delinquent premiums as a plan fiduciary. The Eighth Circuit declined to find the corporate officer personally liable, explaining:

> Corporate assets do not become plan assets merely because an employer has a corporate obligation to make payments to the plan. A corporate officer facing limited cash flow who chooses to pay corporate obligations in lieu of employer contributions to an ERISA plan does not breach a fiduciary duty when he makes those decisions wearing his corporate officer hat rather than his fiduciary duty hat. . . . Thus, to the extent P & P failed to remit its share of the benefit premiums, the decision to pay P & P's other obligations rather than the Fund premiums was a corporate decision, not a fiduciary decision concerning plan assets.

*Id.* at 732 (citing *Holdeman v. Devine*, 474 F.3d 770, 780 (10th Cir. 2007)).

Because the corporate owners cannot be held liable as plan fiduciaries, the only way for personal liability to attach is through piercing the corporate veil. The question, then, is whether Plaintiff has stated a plausible veil-piercing claim.

Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Complaint does not meet the plausibility standard with regard to the individual Defendants -- it does not allege the egregious facts necessary to impose personal liability. *See, e.g.*,

2

*Laborer's Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 705 (6th Cir. 1988) ( piercing the corporate veil to hold a shareholder liable in an ERISA case, where the shareholder disregarded the corporate form by "loaning" money to the corporation without formal agreements, paying corporate expenses out of his own pocket, and using corporate funds for his personal expenses); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 302-03 (6th Cir. 2005) (citing *Mich. Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991)) (courts piercing the corporate veil under ERISA consider respect for the corporate form, injustice to litigants from recognition of the corporate form, and fraudulent intent of the incorporators).

Therefore, for these reasons, this Court grants the Motion to Dismiss the individual Defendants. This dismissal is without prejudice. Should discovery turn up facts which might support personal liability, Plaintiff will be granted leave to amend the Complaint and rename the appropriate individuals.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 14, 2010